# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVEIANA NAZARIO, <br><br> Plaintiff, <br><br> v. <br><br> DIVERSIFIED CONSULTANTS, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:19-cv-04349 <br><br> DEMAND FOR JURY TRIAL |

### *FIRST AMENDED* COMPLAINT

NOW comes EVEIANA NAZARIO ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DIVERSIFIED CONSULTANTS, INC. ("Defendant"), as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

4. Plaintiff is a consumer over-the-age of 18, residing in Cook County, Illinois, which is located within the Northern District of Illinois.

5. Defendant promotes that it "provides third party collection services[.]"[1] Defendant is a corporation organized under the laws of the state of Florida with John Crawford as its registered agent located at 1200 Riverplace Boulevard, Suite 800, Jacksonville, FL 32207.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a consumer debt ("subject consumer debt") from Plaintiff.

8. Upon information and belief, the subject consumer debt is a financial obligation incurred for a personal, household purpose.

9. Throughout 2019 Defendant has called Plaintiff's cellular phone number, (773) XXX-5052.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -5052. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. On or around June 24, 2019 Defendant called Plaintiff's cellular phone number and asked to speak with "Erika Ariana".

12. Plaintiff does not know Erika Ariana or have any relationship with her.

---

[1] https://www.dcicollect.com/services/third-party-services/

13. In response to Defendants request to speak with Erika Ariana Plaintiff stated, "I am sorry, who is this?" Defendant responded by stating that it the communication was from a debt collector and an attempt to collect a debt.

14. Plaintiff never identified herself as Ericka Ariana nor did Defendant seek to confirm that it was speaking with the right person.

15. Defendant continued to place calls to Plaintiff's cellular phone seeking payment of the subject consumer debt through *at least* July 2, 2019.

16. Defendant has used several phone numbers when placing collection calls to Plaintiff's cellular phone, including but not limited to: (312) 500-1848, (312) 626-6711, (312) 626-6147, and (312) 500-1841.

17. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

18. Upon answering calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length, before a live representative begins to speak.

19. Plaintiff has never had any business relationship with Defendant nor has she ever given it permission to call her cellular phone, so Plaintiff was confused as to why Defendant was contacting her.

20. On at least one occasion, Defendant attempted to collect upon the subject consumer debt from Plaintiff, an innocent consumer who does not have any obligation to pay Defendant.

21. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenditure of assets.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown individual, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692c(b)**

29. Under the FDCPA, §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

30. Defendant violated §1692c(b) by contacting Plaintiff on multiple occasions even though Plaintiff is an innocent consumer who has no obligation to pay the subject consumer debt. On at

4

least one occasion, Defendant attempted to collect upon the subject consumer debt from Plaintiff despite the fact that Plaintiff is not the debtor it was seeking.

    **b. Violations of the FDCPA, §1692d**

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §1692d and d(5) when it repeatedly called Plaintiff to collect upon a the subject consumer debt, which she does not owe. Defendant called Plaintiff numerous times. This repeated behavior of systematically calling Plaintiff's cellular phone was harassing and abusive. The frequency and nature of calls shows that Defendant's goal was to harass Plaintiff.

33. As Plaintiff is not the purported underlying debtor, Defendant's collection calls were harassing to Plaintiff.

    **c. Violations of FDCPA § 1692e**

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

36. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. Defendant repeatedly contacted the wrong party

seeking to collect upon a debt. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when Defendant lacked such consent.

### d. Violations of FDCPA § 1692f

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling to collect upon a debt not owed by Plaintiff. Attempting to coerce Plaintiff into payment by placing multiple phone calls when contacting the wrong person is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

39. As pled in paragraphs 21 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff EVEIANA NAZARIO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

| | |
|---|---|
| Dated: September 11, 2019 | Respectfully submitted, |
| | |
| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |
| Admitted in the Northern District of Illinois | Admitted in the Northern District of Illinois |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |